Gary Jay Kaufman, Esq. (State Bar No. 92759)
*gary@theklg.com*
Noam Y. Reiffman, Esq. (State Bar No. 299446)
*nreiffman@theklg.com*
**THE KAUFMAN LAW GROUP**
1801 Century Park East, Suite 1430
Los Angeles, California  90067
Telephone:  (310) 286-2202
Facsimile:   (310) 712-0023

Shawn Holley, Esq. (State Bar No. 136811)
*sholley@kwikhlaw.com*
**KINSELLA WEITZMAN ISER KUMP HOLLEY LLP**
808 Wilshire Boulevard, Suite 300
Santa Monica, California  90401
Telephone:   (310) 566-9822
Facsimile:    (310) 566-9873

Attorneys for Defendant,
Paul Marciano

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 3, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PAUL MARCIANO, an individual; GUESS?, INC., a California corporation, and DOES 1 through 25, inclusive<br><br>Defendants. | Case No. 2:21-cv-08382-DMG-SK<br><br>**DEFENDANT PAUL MARCIANO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>The Hon. Dolly M. Gee<br><br>Date:  February 25, 2022<br>Time: 9:30 a.m. |

**TABLE OF CONTENTS**

I.    Introduction ………………………………………………………….    1

II.   Legal Standard …………………………………………………….    4

III.  Sex Trafficking under the Trafficking Victims Protection Act - 18

      U.S.C. § 1591 ……………………………………………………..    4

IV.   The Complaint Fails to Plausibly Allege Facts Sufficient to Establish

      a Claim Under 18 U.S.C. § 1591 …………………………………    5

      A. The Complaint Does Not Plausibly Allege Facts to Establish that

         Defendant Recruited or Enticed Plaintiff …………………………...    5

      B. The Complaint Does Not Plausibly Allege Facts to Establish that

         Defendant Recruited or Enticed Plaintiff with Knowledge that

         Force or Fraud Would Be Used to Cause a Person to Engage in a

         Commercial Sex Act ……………………………………………..    6

      C. The Complaint Does Not Plausibly Allege Facts to Establish that

         Defendant Recruited or Enticed Plaintiff In or Affecting

         Interstate Commerce ……………………………………………...    11

V.    Conclusion ………………………………………………………...    13

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)

ii

1

**TABLE OF AUTHORITIES**

2

**Cases**

3  *Ardolf v. Weber*, 332 F.R.D. 467 (2019) ……………………………… 11

4  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ……………………………….. 4

5  *Bell Atl. V. Twombly*, 550 U.S. 544 (2007) …………………………... 4

6  *Canosa v. Ziff*, No. 18-civ. 4115 (PAE), 2019 WL 498865 (S.D.N.Y.

7  Jan. 28, 2019) ……………………………………………………… 10, 12

8  *David v. Weinstein Company LLC*, 431 F.Supp.3d 290 (2019) ……… 9

9  *Geiss v. Weinstein Company Holdings LLC*, 383 F.Supp.3d 156

10  (2019) ……………………………………………………………… 11, 12

11  *Huett v. Weinstein Co. LLC*, No. 2:18-cv-06012-SVW-MRW, 2018

12  WL 6314159 (C.D. Cal. Nov. 5, 2018) ………………………………. 8, 9

13  *Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116 (9th Cir.

14  2008) ……………………………………………………………….. 4

15  *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) …………... 4

16  *Nixon in Int. of Moore v. Buck*, No. cv-1904610-CJC-(SHSx), 2019

17  WL 6620504 (C.D. Cal. Sept. 11, 2019) ……………………………... 10, 13

18  *Noble v. Weinstein*, 335 F.Supp.3d 504 (S.D.N.Y. 2018) ……………. 6, 7, 12

19  *U.S. v. Todd*, 627 F.3d 329 (9th Cir. 2010) …………………………... 1, 9

20

21  **Statutes**

22  18 U.S.C. § 1591 ……………………………………………………… 4, 6, 11

23  22 U.S.C. § 7101 …………………………………………………… 1

24

25

26

27

28

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

This is a made-up claim.  The allegations Plaintiff sets forth never happened, and have been entirely manufactured by an opportunistic individual.

Of course, we understand that at this stage the Court's role is not to determine whether Plaintiff is lying.  But the Court can determine that the narrative Plaintiff has crafted does not plausibly fall within any cognizable legal claim.

Plaintiff has carefully tailored her Complaint to try to fit it within a relatively new interpretation of the federal Trafficking Victims Protection Act ("TVPA"), a series of laws enacted in particular "to combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude." [1]

That conduct, of course, is not what Plaintiff has alleged here.  This is not the type of claim the TVPA was intended to cover. [2]  But Plaintiff will undoubtedly point to a limited line of recent cases which adopted a novel theory to permit certain civil claims to be brought under this sex trafficking statute.

Plaintiff wants this Court to view this case as analogous to those matters and adopt the same generous reading of the TVPA.  It is not analogous.  Those cases

---

[1] U.S. Department of Homeland Security: https://www.dhs.gov/human-trafficking-laws-regulations; https://www.govinfo.gov/content/pkg/PLAW-106publ386/html/PLAW-106publ386.htm

[2] 22 U.S.C. § 7101 ("Congress finds that […] Trafficking in persons is a modern form of slavery, and it is the largest manifestation of slavery today. At least 700,000 persons annually, primarily women and children, are trafficked within or across international borders. Approximately 50,000 women and children are trafficked into the United States each year."); *See U.S. v. Todd*, 627 F.3d 329, 333(9th Cir. 2010) ("The TVPA is unlike the Violence Against Women Act of 1994, 42 U.S.C. § 13981, which sought to protect women by making gender-motivated crimes of violence actionable and was found to be beyond the power of Congress because its subject matter was not commerce.")

presented established factual backgrounds that could credibly meet the statute's elements.  Here, Plaintiff's claim does not meet the statute's baseline requirements.

First, Plaintiff fails to plausibly allege that Defendant recruited or enticed her to a meeting that occurred "in or affecting interstate or foreign commerce."  Plaintiff's sole allegation to satisfy the interstate commerce requirement is that Defendant's alleged promises "were made in relation to the modeling industry, which affects interstate commerce" and that "Marciano's exchange of modeling opportunities, both real and fraudulent, for sex acts has a substantial effect on interstate commerce." (Complaint ¶40).  The seminal cases that permitted such claims dealt with clear interstate activity, with allegations of multiple incidents, involving multiple victims, occurring in multiple countries, and involving travel across both state and international borders.  The allegations here are of a single incident, all of which occurs in a single city.  There is no travel alleged.  There is no allegation of any activity occurring in or affecting interstate commerce other than the vague reference to the "modeling industry."  This conclusory allegation is too attenuated to the actual underlying facts to satisfy the interstate element, and cannot be the basis for a federal claim.  Otherwise, such claims could be made about *any* business or industry, and nearly every workplace sex claim would be transformed into a federal claim for sex trafficking.  That was not what was envisioned by the TVPA.  If this case belongs anywhere, it is in state court.

Second, Plaintiff fails to plausibly allege that it was Defendant who recruited or enticed her to a meeting in the first place.  The Complaint alleges that it was *Plaintiff* who solicited and sought out Defendant by initiating contact with him.  A more plausible reading of the allegations is that Plaintiff set out to solicit and secure a meeting with Defendant, not that Defendant recruited her.  Assuming it true that they indeed met, it was not Defendant who enticed Plaintiff to a meeting – securing a meeting was Plaintiff's goal.

     <u>Third, Plaintiff fails to plausibly allege that Defendant enticed or recruited her to a meeting with the advance fraudulent intent and knowledge that force will be used to rape her.</u>  Plaintiff attempts establish Defendant's intent by presenting a sensationalistic narrative of supposed "other claims" that purportedly establish Defendant's *modus operandi*.  But Plaintiff's allegations are materially different from the cases that permitted claims to proceed based on alleged patterns of practice.  Plaintiff has not alleged multiple incidents that occurred to her that establish a pattern.  Nor is this a case brought by multiple plaintiffs alleging very similar conduct that separately occurred to each of them.  Nor has Plaintiff alleged that Defendant had previously engaged in this type of conduct or enticement prior to the incident she claims.  Rather, Plaintiff has alleged a single incident that is dissimilar from the other alleged accusations in material ways.  Specifically: (a) None of the "other claims" involve a sex trafficking claim; (b) None of the "other claims" are remotely similar in nature to the conduct Plaintiff is alleging; (c) None of the "other claims" impute knowledge or intent to Defendant as of the time of the alleged enticement, since the only prior alleged events do not fit the pattern Plaintiff claims; and (d) Not one of the "other claims" has ever been factually substantiated.

     Plaintiff wants this Court to interpret the TVPA in the most expansive manner to date.  The recent interpretations of the TVPA are, at best, a developing area of law.  This is an appropriate case to demarcate and limit the outer boundaries of this theory, and the Court should not hesitate to rule that this case fails to meet the claim's baseline requirements.  Even if the allegations are assumed true, Plaintiff's claims amount to what is, in essence, a state law sexual assault claim that has been tailored in this fashion to avoid a blown statute of limitations.  Allowing this case to proceed would effectively federalize almost every state workplace sex claim.

     Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for failure to state a claim.

## II.    Legal Standard

As this Court well knows, to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).

While the Court must accept the material allegations as true in making that determination, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Court "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. 662, 678 (2009). Further, "whether a complaint states a plausible claim for relief will […] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. 662, 679 (2009).  Dismissal is appropriate when a complaint "lacks of a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008). Finally, claims that "sound in fraud" must be pled with particularity under Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

## III.   Sex Trafficking under the Trafficking Victims Protection Act - 18 U.S.C. § 1591

Plaintiff brings a single claim in this case, alleging a violation of 18 U.S.C. § 1591 ("Section 1591").  At the time of the interaction alleged in the Complaint, Section 1591 provided that:

(a) Whoever knowingly—

    (1) in or affecting interstate or foreign commerce […] recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person […]

knowing, or in reckless disregard of the fact, that means of force, threats of

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)

4

force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act […] shall be punished as provided in subsection (b). 18 U.S.C. § 1591(a).[3]

## IV. The Complaint Fails to Plausibly Allege Facts Sufficient to Establish a Claim Under 18 U.S.C. § 1591

Plaintiff claims that she is the victim of sex trafficking by Defendant.  Her Complaint fails to plausibly allege numerous elements required to satisfy this claim.

### A. <u>The Complaint Does Not Plausibly Allege Facts to Establish that Defendant Recruited or Enticed Plaintiff</u>

To establish a claim under Section 1591, Plaintiff must plausibly allege that Defendant recruited, enticed, harbored, transported, provided, obtained, or maintained her as part of the incident she alleges.  Of course, a number of these actions – "harbor," "transport," "provide," "obtain" – clearly do not apply.  This makes sense, since the statute was drafted to reflect conduct associated with traditional sex trafficking.  ("[T]o combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude.")  Plaintiff, rather, alleges that Defendant "recruited and enticed" Plaintiff by inviting her to a hotel room as a modeling audition.  (Complaint ¶32).

Plaintiff fails to plausibly allege that it was Defendant who recruited her or enticed her in any way.

According to the Complaint, it was *Plaintiff* who "reached out to Marciano" – not the other way around.  (Complaint ¶23).  In fact, Plaintiff alleges that she met a woman, purportedly an agent of Defendant, and somehow obtained Defendant's

---

[3] Currently, the statute also includes these actions: advertise, patronize, or solicit a person.  As explained below, Plaintiff only alleges that Defendant "recruited" and "enticed" her.  However, these other terms – which were not applicable at the time – should not be considered in determining Plaintiff's ability to plausibly state a claim.

number from this unnamed woman.  Plaintiff does not share who this woman is, nor how she came to meet her.  She alleges in a conclusory fashion that she was an agent of Defendant.  (Complaint ¶22).  Plaintiff then reached out to get in touch with Defendant.  After that, Plaintiff and Defendant allegedly mutually agreed to meet.

Based on the allegations of the Complaint, Plaintiff is a woman Defendant had never met.  She contacted him out of the blue.  And then they allegedly met.  The plausible inference from these allegations – if assumed true – is that Plaintiff presented herself as a potential model, inquired about the prospects of modeling, and that Defendant agreed to meet her to evaluate those prospects.  There is no factual allegation that plausibly supports that Defendant lured or enticed Plaintiff into a meeting – if anything, Plaintiff solicited and enticed Defendant to meet with her under the guise that she could be a potential model.  *Cf. Noble v. Weinstein*, 335 F.Supp.3d 504, 517 (S.D.N.Y. 2018) (noting that defendant "initiated a professional relationship" with the plaintiff, in determining enticement).

It was Plaintiff who solicited and recruited Defendant, not the other way around.  Plaintiff allegedly had desires of being a model.  She set her sights on obtaining a meeting with him, and allegedly obtained one.  Even assuming Plaintiff and Defendant did meet, that was *Plaintiff's goal* – to secure a meeting.  She cannot now claim that she was enticed into doing something that she otherwise had already set out to accomplish.

### B. The Complaint Does Not Plausibly Allege Facts to Establish that Defendant Recruited or Enticed Plaintiff with Knowledge that Force or Fraud Would Be Used to Cause a Person to Engage in a Commercial Sex Act

A claim under Section 1591 requires that a defendant recruit or entice the alleged victim with advance knowledge that force, threats of force, fraud, or coercion *will be used* to cause a person to engage in a commercial sex act.  18 U.S.C. § 1591;

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)

6

*Noble v. Weinstein*, 335 F.Supp.3d 504, 517-518 (S.D.N.Y. 2018) ("The plain language of Section 1591(a) requires Plaintiff to plausibly allege knowledge, or a *modus operandi*, associated with above-described 'enticement,' that Defendant enticed Plaintiff with knowledge that means of force or fraud would be used to cause a commercial sex act to take place. […] [I]t requires the pleader to allege awareness, **at the initial recruitment or enticement stage**, that certain prohibited means will be employed to achieve a perverse end goal […].") (emphasis added).

Plaintiff alleges that, during their encounter, Defendant *raped* Plaintiff and defrauded her by falsely promising her modeling jobs.  Even if, for purposes of this motion, this were assumed to be true (it absolutely is not true), Plaintiff fails to plausibly allege facts sufficient to establish that Defendant *knew in advance* that force or fraud "*will be used*" when he allegedly enticed her to a meeting.

Plaintiff attempts to establish that Defendant knew in advance that he was enticing Plaintiff to meet him with the intent to rape her because this was his *modus operandi.* (Complaint ¶42, "Marciano's *modus operandi* was to invite or have GUESS invite aspiring GUESS models to a private residence or hotel room under the guise of auditioning the prospective models and to demand and force sexual relations once inside the private residence or hotel room.  The combination of the fraudulent audition and empty promises of career advancement was routinely utilized by Marciano to engage in commercial sex acts with aspiring models.").

Yet, there is not a single allegation that plausibly supports the actual existence of such a *modus operandi.*  Plaintiff attempts to manufacture one by making a series of allegations about other unrelated events that are (a) conclusory, (b) materially different in nature than the incident Plaintiff alleges, and/or (c) not temporally relevant to the incident Plaintiff alleges.

Plaintiff alleges two incidents that supposedly occurred *prior* to her alleged meeting with Defendant.  In the first, Plaintiff alleges that, in 1983, Defendant

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)

7

assaulted a woman while giving her a ride to retrieve her car from his brother's house. (Complaint ¶11).  This supposed incident allegedly took place *30 years prior* to Plaintiff's allegations.  And in the nearly *40 years* since, it had never been raised by this woman until an article appeared in a rag magazine in 2021.  It should be noted that Plaintiff's current lawyer is directly quoted in that article.[4]  (Indeed, it's possible the claim to the magazine was made just for purposes of this lawsuit.)  The claim was never substantiated in any way.  Nor does it conform to the supposed *modus operandi* of inviting models to private locations under the guise of auditioning for jobs.  In the second purported incident, Plaintiff alleges a prior harassment suit was filed against Defendant.  (Complaint ¶12).  The Complaint does not mention that the suit resolved *without any negative findings* as to Defendant.  Furthermore, even assuming the allegations as true, they are substantially and materially different from what Plaintiff now alleges.  A workplace harassment suit is a <u>far cry</u> from establishing a *modus operandi* of luring someone to a private place with the intent to *rape* them.  It had nothing to do with sex trafficking.  Neither of these alleged incidents provide a plausible basis to substantiate the *modus operandi* Plaintiff asserts.[5]

Plaintiff then alleges a number of incidents that purportedly occurred *after* her alleged single encounter with Defendant.

First, even if assumed true, these alleged subsequent acts do not plausibly establish an existing – and therefore knowable – pattern of conduct as of the time of incident.  *See Huett v. Weinstein Co. LLC*, No. 2:18-cv-06012-SVW-MRW, 2018 WL 6314159, at *2 (C.D. Cal. Nov. 5, 2018) ("What the statute means to describe, and does so awkwardly, is a state of mind in which the knower is familiar with a pattern of

---

[4] https://www.thedailybeast.com/i-was-sexually-assaulted-in-1983-by-fashion-mogul-paul-marciano

[5] In support of this, Mr. Marciano incorporates by reference defendant Guess?, Inc.'s request for judicial that is filed concurrently with its separate motion to dismiss.

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)

8

conduct.") citing *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010).  A prior existing *modus operandi* is required if that theory is to be used to establish knowledge/intent for purposes of the statute.  *See e.g. Huett v. Weinstein Co. LLC*, No. 2:18-cv-06012-SVW-MRW, 2018 WL 6314159, at *2 (C.D. Cal. Nov. 5, 2018) (complaint satisfied knowledge element when it alleged conduct that the defendant "had done many times before"); *David v. Weinstein Company LLC*, 431 F.Supp.3d 290, 301 (2019) (*modus operandi* sufficient to establish knowledge when Plaintiff alleged "that [Weinstein] had engaged in a pattern of doing the same with other women over decades").

Second, even if assumed true, each of these alleged subsequent acts is materially different from Plaintiff's allegations here, alleged in a conclusory fashion, and have never been substantiated.  Thus, as explained below, they cannot plausibly establish Defendant's intent through a *modus operandi.*

- Plaintiff alleges four women claimed Defendant groped their breasts or forced her to perform oral sex, including one who filed a police report for sexual assault.  (Complaint ¶13).  Plaintiff's allegations here do not fit within the same supposed *modus operandi*.  Plaintiff does not assert that any of these allegations were found to be true.  (They weren't.)  Nor does Plaintiff mention that the woman who had claimed forced oral sex and filed a police report later recanted her claim, or that the matter was never pursued by any law enforcement.

- Plaintiff alleges that a woman complained to Guess that Defendant sexually assaulted her.  (Complaint ¶14).  She adds no facts to support this.  There are no allegations here to plausibly suggest this fits within the same *modus operandi*.

- Plaintiff alleges that a model named Kate Upton made public allegations against Defendant.  (Complaint ¶16).  Ms. Upton's allegations were not that Mr. Marciano *raped* her.  Upton alleged that Defendant touched her breasts and kissed her.  Even if they were true, those allegations do not line up with the

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)

9

conduct alleged in this Complaint.  Ms. Upton's allegations were also never substantiated.  Ms. Upton was extended an invitation to cooperate in an investigation after she made those public allegations, but she declined.

- Plaintiff lastly alleges two pending lawsuits by other "Jane Does" (both represented by Plaintiff's current lawyers).  (Complaint ¶¶19-20.)  These cases have not resulted in any factual findings.  They are mere allegations, just like this one.  One of those cases involves a woman who claims that Defendant motioned her for a kiss on the cheek, and touched her skin while adjusting her outfit during a photoshoot.  Not exactly the same as rape as alleged by Plaintiff.

It goes without saying that Defendant vigorously denies the truth of *any* of these allegations.  Not a single one of these matters has ever been verified as true.  More importantly for purposes of this motion, though, they also do not serve the purpose Plaintiff desires. They have been added into the Complaint to sensationalize the allegations and leave the Court with an "if there is smoke there is fire" impression. But in this case, it's Plaintiff's lawyer who started the fire and continued to add fuel – indeed, she made seven of the above claims (all of which have either been defended or settled for nuisance value).  *Not a single allegation relating to any incident has ever been established as true.*

There must be a plausible basis to establish intent by *modus operandi*.  By alleging a single incident that is dissimilar from other supposed accusations in both conduct and time, Plaintiff has not satisfied that.  This is not a case where Plaintiff is alleging multiple instances of conduct that occurred to her, creating a pattern. *See Nixon in Int. of Moore v. Buck*, No. cv-1904610-CJC-(SHSx), 2019 WL 6620504, at *7 (C.D. Cal. Sept. 11, 2019) (defendant solicited sex from victim and injected him with crystal methamphetamine on multiple occasions creating a pattern showing intent); *Canosa v. Ziff*, No. 18-civ. 4115 (PAE), 2019 WL 498865, at *2-3 (S.D.N.Y. Jan. 28, 2019) (plaintiff alleged many separate instances of rape, abuse, intimidation,

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)

10

1   and assault that defendant had done to her over the course of years).  Nor is this a case

2   where there are multiple plaintiffs alleging very similar conduct that separately

3   occurred to each of them.  *See e.g. Geiss v. Weinstein Company Holdings LLC*, 383

4   F.Supp.3d 156 (2019) (ten plaintiffs alleging a similar and consistent pattern of

5   conduct spanning decades); *Ardolf v. Weber*, 332 F.R.D. 467 (2019) (five plaintiffs

6   alleging a similar and consistent pattern of conduct).

7         Plaintiff alleges in this case that Defendant tricked a woman he had never met

8   before into meeting with him, with the intent to rape her.  She does not allege a single

9   other incident that is similar in nature and temporally relevant.  Thus, her *modus*

10  *operandi* theory fails.  And while *modus operandi* may not the only way to establish

11  intent, Plaintiff does not allege any other facts that would otherwise plausibly

12  establish that Defendant enticed Plaintiff to a meeting with the intent to rape her.  She

13  does not allege a frequent or elaborate pattern of promises made to her.  She does not

14  allege the development of her recruitment over some period of time.  She relies

15  wholly on a *modus operandi* theory and other conclusory statements.  She has

16  therefore failed to plausibly plead this element.

17         **C.  <u>The Complaint Does Not Plausibly Allege Facts to Establish that</u>**

18            **<u>Defendant Recruited or Enticed Plaintiff In or Affecting Interstate</u>**

19            **<u>Commerce</u>**

20         A claim under Section 1591 also requires that a defendant recruit or entice a

21  person "in or affecting interstate or foreign commerce."  18 U.S.C. § 1591(a)(1).

22         To meet this element, the sole allegation Plaintiff makes is that Defendant's

23  alleged promises "were made in relation to the modeling industry, which affects

24  interstate commerce" and that "Marciano's exchange of modeling opportunities, both

25  real and fraudulent, for sex acts has a substantial effect on interstate commerce."

26  (Complaint ¶40).

27         The allegations are conclusory – at best.

28

We recognize that the interstate commerce element has not been a primary focus for other courts in evaluating recent claims under this statute. And we anticipate that Plaintiff will argue that the element requires minimal actual effect on interstate commerce.

But this Court should not take this element for granted. In the recent cases to which Plaintiff has tailored this suit, the interstate element was fairly obviously not in question. *See e.g. Noble v. Weinstein*, 335 F.Supp.3d 504, 511 (2018) (alleged conduct taking place in Cannes, France).

In this case, though, how do the alleged facts plausibly establish that Mr. Marciano's alleged recruitment or enticement – even if assumed to be true – was made "in or affecting" interstate or foreign commerce?

Here, the allegations are of a single alleged incident. All the events took place in one city. There was no travel involved. There was no commercial business or publication of modeling materials. *Cf. Canosa v. Ziff*, No. 18-civ. 4115 (PAE), 2019 WL 498865, at *2 (S.D.N.Y. Jan. 28, 2019) (Plaintiff alleged many occasions of rape, abuse intimidation and harassment by Weinstein occurring over years on multiple dates, and which involved Weinstein flying Plaintiff across state and international borders, and conduct that occurred in multiple cities and countries); *Noble v. Weinstein*, 335 F.Supp.3d 504, 511-512 (2018) (defendant met and began enticement in London, invited plaintiff to his hotel room where alleged conduct took place in Cannes, and called a Weinstein Company producer in the United States to help entice plaintiff to engage in sexual conduct); *Geiss v. Weinstein Company Holdings LLC*, 383 F.Supp.3d 156, 165 (2019) (alleging defendant committed sex trafficking acts against multiple victims in at least three separate states).

This element can, and should, play crucial role in shaping the outer boundaries of this new line of sex trafficking cases. The statute traditionally intended to cover true trafficking of humans – things such as cross-border transportation, harboring,

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)

12

manipulation, and servitude of vulnerable victims. *See e.g. Nixon in Int. of Moore v. Buck*, No. cv-1904610-CJC-(SHSx), 2019 WL 6620504, at *7 (C.D. Cal. Sept. 11, 2019) ("Plaintiff alleges that Mr. Buck provided him with transportation from his home in Texas to Los Angeles in July 2017 by purchasing him a plane ticket.  The Court finds that such allegations are sufficient to fit within the plain language of the first element of the statute which is met whenever a defendant 'transport[s]' or 'entice[s]' a victim in interstate commerce.").  Such activities often take place across state and international borders, which rendered it extraordinarily difficult for individual states to police.  It was not interpreted as a statute that covered when a woman sends a text message to a man on the phone and then drives a few blocks to meet him.

Disregarding this element in this context, or failing to give it proper weight, will have the effect of federalizing most sex claims.  Such claims – including the claim alleged here – fall within those that states can monitor, and indeed are reserved for the states to monitor. As such, Plaintiff has failed to meet this element.

## V.   Conclusion

Nearly a decade after the incident she claims occurred, Plaintiff has made scurrilous accusations under an untenable legal theory.  Her allegations do not meet the requirements to establish a federal claim.  Based on the foregoing, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for failure to state a claim.

Dated:  January 26, 2022          **THE KAUFMAN LAW GROUP**

By: /s/ Gary Jay Kaufman
     Gary Jay Kaufman, Esq.
     Attorneys for Defendant,
     Paul Marciano