Gary Jay Kaufman, Esq. (State Bar No. 92759)
*gary@theklg.com*
Noam Y. Reiffman, Esq. (State Bar No. 299446)
*nreiffman@theklg.com*
**THE KAUFMAN LAW GROUP**
1801 Century Park East, Suite 1430
Los Angeles, California  90067
Telephone:  (310) 286-2202
Facsimile:   (310) 712-0023

Shawn Holley, Esq. (State Bar No. 136811)
*sholley@kwikhlaw.com*
**KINSELLA WEITZMAN ISER KUMP
HOLLEY LLP**
808 Wilshire Boulevard, Suite 300
Santa Monica, California  90401
Telephone:   (310) 566-9822
Facsimile:   (310) 566-9873

Attorneys for Defendant,
Paul Marciano

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 3, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL MARCIANO, an individual;<br>GUESS?, INC., a California corporation,<br>and DOES 1 through 25, inclusive<br><br>        Defendants. | Case No. 2:21-cv-08382-DMG-SK<br><br>**DEFENDANT PAUL MARCIANO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>The Hon. Dolly M. Gee<br><br>Date:  April 15, 2022<br>Time: 9:30 a.m. |

# TABLE OF CONTENTS

I.  Introduction ……………………………………………………. 1

II.  Legal Standard …………………………………………….. 4

III.  Sex Trafficking under the Trafficking Victims Protection Act - 18 U.S.C. § 1591 ……………………………………………….. 5

IV.  The Complaint Fails to Plausibly Allege Facts Sufficient to Establish a Claim Under 18 U.S.C. § 1591 ……………………………….

    A. The Complaint Does Not Plausibly Allege Facts to Establish that Defendant Recruited or Enticed Plaintiff …………………….... 5

    B. The Complaint Does Not Plausibly Allege Facts to Establish that Defendant Recruited or Enticed Plaintiff In or Affecting Interstate Commerce …………………………………………... 7

    C. The Complaint Does Not Plausibly Allege Facts to Establish that Defendant Recruited or Enticed Plaintiff with Knowledge that Force or Fraud Would Be Used to Cause a Person to Engage in a Commercial Sex Act ………………………………………….. 10

        1. Plaintiff Attempts to Establish Advance Knowledge and Intent by Arguing that Defendant Had an Existing *Modus Operandi* ……………………………………………….. 11

        2. Events Alleged to Have Occurred Prior to Plaintiff's Claims …………………………………………….. 12

        3. Events Alleged to Have Occurred After Plaintiff's Claims . 14

        4. There is No Plausible Basis to Establish Knowledge or Intent by *Modus Operandi* ……………………………... 15

V.  Conclusion: The First Amended Complaint Should Be Dismissed Without Leave to Amend ……………………………………… 16

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

ii

# TABLE OF AUTHORITIES

**Cases**

*Ardolf v. Weber*, 332 F.R.D. 467 (2019) ……………………………… 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ……………………………….. 4

*Bell Atl. V. Twombly*, 550 U.S. 544 (2007) …………………………... 4

*Canosa v. Ziff*, No. 18-civ. 4115 (PAE), 2019 WL 498865 (S.D.N.Y. Jan. 28, 2019) ……………………………………………………… 9, 15

*David v. Weinstein Company LLC*, 431 F.Supp.3d 290 (2019) ……… 15

*Geiss v. Weinstein Company Holdings LLC*, 383 F.Supp.3d 156 (2019) ……………………………………………………………… 9, 16

*Huett v. Weinstein Co. LLC*, No. 2:18-cv-06012-SVW-MRW, 2018 WL 6314159 (C.D. Cal. Nov. 5, 2018) ……………………………….. 14, 15

*Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116 (9th Cir. 2008) ……………………………………………………………….. 4

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) …………... 4

*Nixon in Int. of Moore v. Buck*, No. cv-1904610-CJC-(SHSx), 2019 WL 6620504 (C.D. Cal. Sept. 11, 2019) ……………………………... 10, 15

*Noble v. Weinstein*, 335 F.Supp.3d 504 (S.D.N.Y. 2018) …………… 7,9,10,11

*U.S. v. Todd*, 627 F.3d 329 (9th Cir. 2010) …………………………... 1, 14

**Statutes**

18 U.S.C. § 1591 …………………………………………………… 5, *passim*

22 U.S.C. § 7101 …………………………………………………… 1

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction

No amendment Plaintiff makes can change this fundamental fact: This is a made-up claim.  The allegations Plaintiff sets forth never happened, and have been entirely manufactured by an opportunistic individual.

Of course, we understand that at this stage the Court's role is not to determine whether Plaintiff is lying.  But the Court can determine that the narrative Plaintiff has crafted does not plausibly fall within any cognizable legal claim.

In her First Amended Complaint ("FAC"), Plaintiff has used Defendant's original motion to dismiss to try to carefully tailor an amendment that fits within a relatively new interpretation of the federal Trafficking Victims Protection Act ("TVPA"), a series of laws enacted in particular "to combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude."[1]

That type of conduct, of course, is not what Plaintiff has alleged here.  This is not the type of claim the TVPA was intended to cover.[2]  But Plaintiff will undoubtedly point to a limited line of recent cases which adopted a novel theory to permit certain civil claims to be brought under this sex trafficking statute.

---

[1] U.S. Department of Homeland Security: https://www.dhs.gov/human-trafficking-laws-regulations; https://www.govinfo.gov/content/pkg/PLAW-106publ386/html/PLAW-106publ386.htm

[2] 22 U.S.C. § 7101 ("Congress finds that […] Trafficking in persons is a modern form of slavery, and it is the largest manifestation of slavery today. At least 700,000 persons annually, primarily women and children, are trafficked within or across international borders. Approximately 50,000 women and children are trafficked into the United States each year."); *See U.S. v. Todd*, 627 F.3d 329, 333(9th Cir. 2010) ("The TVPA is unlike the Violence Against Women Act of 1994, 42 U.S.C. § 13981, which sought to protect women by making gender-motivated crimes of violence actionable and was found to be beyond the power of Congress because its subject matter was not commerce.")

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

1

Plaintiff wants this Court to view this case as analogous to those matters and adopt the same generous reading of the TVPA.  It is not analogous.  Those cases presented established factual backgrounds that could credibly meet the statute's elements.  Here, Plaintiff's claim does not meet the statute's baseline requirements.

First, Plaintiff fails to plausibly allege that Defendant recruited or enticed her in a manner "in or affecting interstate or foreign commerce."  Plaintiff alleges that Defendant's promises, "including promises of a billboard in Italy, were made in relation to the modeling industry, which affects interstate commerce," and that the "exchange of national and international modeling opportunities … has a substantial effect on interstate and foreign commerce."  She also alleges that, more than a month after the incident she claims occurred with Defendant, she flew from Dubai to Los Angeles to do a Guess modeling test shoot.  (FAC ¶¶65-66).

The seminal cases that have permitted this novel form of TVPA claim have dealt with clear interstate activity, which occurred part and parcel with the alleged trafficking conduct – something glaringly absent here.  Those cases dealt with allegations of multiple incidents, involving multiple victims, occurring in multiple countries, and involving travel across both state and international borders.  The allegations here are of a single incident.  The actual underlying alleged conduct all occurs in a single city.  There was no publication of national or international modeling.  The travel Plaintiff alleges was of her own accord, took place more than a month after the alleged interaction with Defendant, and has no connection whatsoever with the claimed "enticement" of Plaintiff – a requirement under the statute.  These allegations are too attenuated from the actual underlying conduct to satisfy the interstate element, and cannot be the basis for a federal claim.  Otherwise, TVPA claims could be made about *any* business or industry, and nearly every workplace sex claim would be transformed into a federal claim for sex trafficking.  That was not what was envisioned by the TVPA.  If this case belongs anywhere, it is in state court.

Second, Plaintiff fails to plausibly allege that it was Defendant who recruited or enticed her to a meeting. The FAC alleges that it was *Plaintiff* who solicited and sought out Defendant by initiating contact with him. A more plausible reading of the allegations is that Plaintiff set out to solicit and secure a meeting with Defendant, not that Defendant recruited her. Assuming it true that they met, it was not Defendant who enticed Plaintiff to a meeting – securing a meeting was Plaintiff's goal.

Third, Plaintiff fails to plausibly allege that Defendant enticed or recruited her to a meeting with the advance fraudulent intent and knowledge that force will be used to rape her. Plaintiff attempts to establish Defendant's intent by presenting a sensationalistic narrative of supposed "other claims" that purports to establish a *modus operandi*. But prior cases that have permitted TVPA claims based on alleged patterns of practice presented scenarios substantially different from Plaintiff's allegations here. Plaintiff has not alleged multiple incidents that occurred to *her* that establish a pattern. Nor is this a case brought by *multiple plaintiffs* alleging very similar conduct that separately occurred to each of them. Plaintiff wants the Court to impute knowledge and intent based on *other* incidents *she says* happened to *other* people. Not one of the "other claims" has ever been factually substantiated. Plaintiff has not plausibly plead the existence of any other "sex trafficking" incident, other than by alleging it in a conclusory manner. Rather, the sole incident Plaintiff claims occurred between her and Defendant is dissimilar from the other allegations in material ways: (a) None of the "other claims" involve a sex trafficking claim; (b) None of the "other claims" are similar to the conduct Plaintiff is alleging; and (c) None of the "other claims" can impute knowledge or intent to Defendant at the time of the alleged enticement, since the prior alleged events do not fit the pattern Plaintiff claims.

Plaintiff wants this Court to interpret the TVPA in the most expansive manner to date. The recent interpretations of the TVPA are, at best, a developing area of law. This is an appropriate case to demarcate and limit the outer boundaries of this theory,

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

3

and the Court should not hesitate to rule that this case fails to meet the claim's baseline requirements.  Even if the allegations are assumed true, Plaintiff's claims amount to what is, in essence, a state law sexual assault claim that has been tailored in this fashion to avoid a blown statute of limitations.  Allowing this case to proceed would effectively federalize almost every state workplace sex claim.

Plaintiff has had the opportunity to review Defendant's first motion to dismiss, identify the deficiencies in her claim, and amend her complaint accordingly.  The allegations presented in the FAC are now her best foot forward.  But they are still deficient.  Plaintiff should not be granted another opportunity to amend.  Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's First Amended Complaint for failure to state a claim, with prejudice.

## II.   Legal Standard

As this Court well knows, to survive a motion to dismiss a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).  While the Court must accept the material allegations as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Court "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. 662, 678 (2009).  Further, "whether a complaint states a plausible claim for relief will […] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. 662, 679 (2009).  Dismissal is appropriate when a complaint "lacks of a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008).  Finally, claims that "sound in fraud" must be pled with particularity under Rule 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

III.   **Sex Trafficking under the Trafficking Victims Protection Act - 18 U.S.C. §**
       **1591**

Plaintiff brings a single claim against this defendant in this case, alleging a violation of 18 U.S.C. § 1591 ("Section 1591").  At the time of the interaction alleged in the First Amended Complaint, Section 1591 provided that:

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce […] recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person […]

knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act […] shall be punished as provided in subsection (b). 18 U.S.C. § 1591(a).[3]

IV.   **The Complaint Fails to Plausibly Allege Facts Sufficient to Establish a**
      **Claim Under 18 U.S.C. § 1591**

Plaintiff claims that she is the victim of sex trafficking by Defendant.  The FAC fails to plausibly allege numerous elements required to satisfy this claim.

### A.   The Complaint Does Not Plausibly Allege Facts to Establish that Defendant Recruited or Enticed Plaintiff

To establish a claim under Section 1591, Plaintiff must plausibly allege that Defendant recruited, enticed, harbored, transported, provided, obtained, or maintained her as part of the incident she alleges.  Of course, a number of these actions – "harbor," "transport," "provide," "obtain" – clearly do not apply.  This makes sense,

---

[3] Currently, the statute also includes these actions: advertise, patronize, or solicit a person.  Plaintiff only alleges that Defendant "recruited" and "enticed" her.  However, these other terms – which were not applicable at the time – should not be considered in determining Plaintiff's ability to plausibly state a claim.

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

5

since the statute was drafted to reflect conduct associated with traditional sex trafficking.  ("[T]o combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude.")  Rather, Plaintiff claims that Defendant "recruited and enticed" her by inviting her to a hotel room as a modeling audition.  (FAC ¶¶ 36; 52-58).  But she fails to plausibly allege facts to establish that it was Defendant who recruited her or enticed her in any way.

According to the FAC, it was *Plaintiff* who "contacted Marciano" – not the other way around.  (FAC ¶36).  Plaintiff alleges that she met some unnamed woman who apparently provided her with Defendant's number.  (FAC ¶35).  Plaintiff does not share who this woman is, nor how exactly she came to meet her.  She claims in a conclusory fashion that this woman was an agent of Guess, supposedly paid to recruit women for Defendant.  (FAC ¶35).  The utter implausibility of this statement is apparent by Plaintiff's conspicuous prefacing of this allegation with the phrase "upon information and belief."

Plaintiff concedes *she* then reached out to get in touch with Defendant, and they engaged in "a series of messages."  (FAC ¶36).  Presumably, these messages were about Plaintiff's status as model.  Plaintiff makes the conclusory allegation that Defendant recruited and enticed her to meet him – even though that was specifically what Plaintiff was apparently seeking to accomplish.  (FAC ¶36).

Based on the allegations of the FAC, Plaintiff is a woman Defendant had never met before.  She contacted him out of the blue.  Despite never having met her, Defendant supposedly promised that she would "be featured on GUESS billboards in Milan, Italy" if she came to meet him.  (FAC ¶36).  None of that adds up.

Rather, the most plausible inference is that Plaintiff somehow obtained Defendant's number, presented herself as a potential model, inquired about the prospects of modeling, and that Defendant agreed to meet her to evaluate those prospects.  There is no factual allegation that **plausibly** supports that Defendant lured

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

6

or enticed Plaintiff into a meeting, with any promise at all.  If anything, Plaintiff, who *initiated* contact with Defendant, solicited and enticed Defendant to meet with her under the guise that she could be a potential model.  *Noble v. Weinstein*, 335 F.Supp.3d 504, 517 (S.D.N.Y. 2018) (in determining enticement, noting that the defendant "initiated a professional relationship" with the plaintiff).

It was Plaintiff who solicited and recruited Defendant, not the other way around.  Plaintiff allegedly had desires of being a model.  She set her sights on obtaining a meeting with Defendant, and allegedly obtained one.  Even assuming Plaintiff and Defendant did meet, that was *Plaintiff's goal* – to secure a meeting.  She cannot now claim that she was enticed into doing something that she otherwise had already set out to accomplish.

### B. The Complaint Does Not Plausibly Allege Facts to Establish that Defendant Recruited or Enticed Plaintiff In or Affecting Interstate Commerce

A claim under Section 1591 also requires that a defendant recruit or entice a person "in or affecting interstate or foreign commerce."  18 U.S.C. § 1591(a)(1).

Plaintiff's First Amended Complaint sets forth allegations that are substantially similar to those in her original complaint:  That Defendant's supposed promises "were made in relation to the modeling industry which affects interstate commerce" and that his alleged "exchange of national and international modeling opportunities for Jane Doe 3, both real and fraudulent, in exchange for sex acts, has a substantial effect on interstate and foreign commerce."  (FAC ¶65).  As was the case with her original complaint, these allegations are conclusory at best.  They do not present any actual basis as to *how* the supposed enticement had a "substantial" effect on interstate and foreign commerce, but rather just summarily concludes it.

Recognizing the clear deficiencies, Plaintiff has changed her story and she's added brand new allegations in the FAC that have never once before been mentioned.

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

7

These newly manufactured allegations don't save Plaintiff's claim.

First, the FAC applies emphasized focus on the allegation that, as part of the supposed enticement, Defendant told Plaintiff that she could be featured on a "billboard in Milan, Italy." (FAC ¶¶36, 40, 65). Even if this allegation were true, this amounts to nothing more than speaking about a foreign city. Speaking about a billboard in another city does not cause something to *occur in* or *affect* foreign commerce. What Plaintiff is alleging is nothing beyond hypothetical words. It does not create any tangible effect on foreign commerce whatsoever.

Second, the FAC adds the brand-new allegation that Plaintiff allegedly flew from Dubai to Los Angeles in order to do a second Guess test shoot. This supposedly happened *over a month after* Plaintiff claims she met with Defendant. (FAC ¶¶44, 66). Never during, or in the lead up to, this litigation has this allegation ever previously been made. Regardless, though, it does not change the outcome.

The plain language of Section 1591 clearly requires that the **enticement or recruitment itself** occur in of affecting interstate or foreign commerce. 18 U.S.C. §1591(a) ("Whoever knowingly - in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices [...]"). Here, Plaintiff is alleging that, sometime significantly after the fact, she flew on an international flight. This occurred a*fter* the alleged enticement, *after* the alleged fraud, *after* the alleged force, *after* the alleged commercial benefit of meeting Defendant, and even after the alleged commercial benefit of receiving a test shoot with Guess. In other words, even if true, it occurred after every single one of the underlying active elements of the claim. This entirely misses the basic requirement of the statute.

It cannot be that there is an open-ended time frame for some tangential interstate or foreign activity to occur. Nothing about this alleged fact is even relevant to the sex trafficking theory Plaintiff claims. All of the conduct underlying the sex

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

8

trafficking scheme that she alleges occurred well in advance of, and entirely unrelated to, this supposed activity.  Her travel did not effectuate or facilitate any of the alleged improper conduct.  It does not create a claim where one did not exist before.

We recognize that the interstate commerce element has not been a primary focus for other courts in evaluating recent claims under this statute.  But this Court should not take this element for granted.  In the recent cases to which Plaintiff has tailored this suit, the interstate element was fairly obviously not in question.  *See e.g. Noble v. Weinstein*, 335 F.Supp.3d 504, 511 (2018) (alleged conduct taking place in Cannes, France).  In this case, though, how do the alleged facts plausibly establish that Mr. Marciano's alleged recruitment or enticement – even if assumed to be true – was made "in or affecting" interstate or foreign commerce?

The allegations here are of a single alleged incident.  All the material events took place in one city.  The only alleged interaction between Plaintiff and Defendant occurred in one city.  There was no commercial business or publication of modeling materials.  *Cf. Canosa v. Ziff*, No. 18-civ. 4115 (PAE), 2019 WL 498865, at *2 (S.D.N.Y. Jan. 28, 2019) (Plaintiff alleged many occasions of rape, abuse intimidation and harassment by Weinstein occurring over years on multiple dates, and which involved Weinstein flying Plaintiff across state and international borders, and conduct that occurred in multiple cities and countries); *Noble v. Weinstein*, 335 F.Supp.3d 504, 511-512 (2018) (defendant met and began enticement in London, invited plaintiff to his hotel room where alleged conduct took place in Cannes, and called a Weinstein Company producer in the United States to help entice plaintiff to engage in sexual conduct); *Geiss v. Weinstein Company Holdings LLC*, 383 F.Supp.3d 156, 165 (2019) (alleging defendant committed sex trafficking acts against multiple victims in at least three separate states).

This element can, and should, play a crucial role in shaping the outer boundaries of this new line of sex trafficking cases. The statute traditionally intended

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

9

to cover true trafficking of humans – things such as cross-border transportation, harboring, manipulation, and servitude of vulnerable victims. *See e.g. Nixon in Int. of Moore v. Buck*, No. cv-1904610-CJC-(SHSx), 2019 WL 6620504, at *7 (C.D. Cal. Sept. 11, 2019) ("Plaintiff alleges that Mr. Buck provided him with transportation from his home in Texas to Los Angeles in July 2017 by purchasing him a plane ticket. The Court finds that such allegations are sufficient to fit within the plain language of the first element of the statute which is met whenever a defendant 'transport[s]' or 'entice[s]' a victim in interstate commerce."). Such activities often take place across state and international borders, which rendered it extraordinarily difficult for individual States to police. It was not interpreted as a statute that applied when a woman drives a few blocks to meet a man.

Disregarding this element in this context, or failing to give it proper weight, will have the effect of federalizing most sex claims. Such claims – including the claim alleged here – fall within those that States can monitor, and indeed are reserved for the States to monitor. Plaintiff has failed to meet this element.

### C. **The Complaint Does Not Plausibly Allege Facts to Establish that Defendant Recruited or Enticed Plaintiff with Knowledge that Force or Fraud Would Be Used to Cause a Person to Engage in a Commercial Sex Act**

Finally, a claim under Section 1591 requires that a defendant recruit or entice the alleged victim with advance knowledge that force, threats of force, fraud, or coercion <u>will be used</u> to cause a person to engage in a commercial sex act. 18 U.S.C. § 1591; *Noble v. Weinstein*, 335 F.Supp.3d 504, 517-518 (S.D.N.Y. 2018) ("The plain language of Section 1591(a) requires Plaintiff to plausibly allege knowledge, or a *modus operandi*, associated with above-described 'enticement,' that Defendant enticed Plaintiff with knowledge that means of force or fraud would be used to cause a commercial sex act to take place.").

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

10

The complaint must plausibly allege that the Defendant knew, <u>at the time of the</u> <u>alleged enticement before he even met with Plaintiff</u>, that he would employ certain improper means to cause a commercial sex act. *Noble v. Weinstein*, 335 F.Supp.3d 504, 517-518 (S.D.N.Y. 2018) ("[I]t requires the pleader to allege awareness, **at the initial recruitment or enticement stage**, that certain prohibited means will be employed to achieve a perverse end goal […].").

In this case, Plaintiff alleges that Defendant *raped* Plaintiff and defrauded her by falsely promising her modeling jobs. Even if this were assumed true for purposes of this motion (<u>it absolutely is not true</u>), Plaintiff fails to plausibly allege facts sufficient to establish that Defendant had *advance intent and knowledge* that force or fraud "will be used*"* to *rape* Plaintiff when he allegedly enticed her to a meeting.

### 1. Plaintiff Attempts to Establish Advance Knowledge and Intent by Arguing that Defendant Had an Existing *Modus Operandi*

In reality, Plaintiff has no plausible basis to claim that Defendant had some nefarious plan to invite a woman, whom he had never met, to a hotel room with the intent to rape her. Recognizing the absurdity, she attempts to paint a false picture of Defendant, and alleges the conduct she complains of fits a supposed *modus operandi*. (FAC ¶¶ 48-52). To that end, a significant portion of the FAC is dedicated to allegations that have nothing to do with Plaintiff. In fact, before even addressing Plaintiff's claims at all, the FAC spends over five pages making a series of allegations about other unrelated events. (FAC ¶¶ 14-34).

Yet, none of these allegations plausibly support the actual existence of a *modus operandi* to sufficiently establish advance knowledge and intent. The allegations Plaintiff sets forth all concern unrelated events that are (a) related to other individuals, (b) set forth in a conclusory manner, (c) materially different in nature than the incident Plaintiff alleges, and/or (d) not temporally relevant to establish anything with respect to the incident Plaintiff alleges.

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

11

### 2. Events Alleged to Have Occurred Prior to Plaintiff's Claims[4]

Plaintiff alleges that the following events occurred prior to her alleged meeting with Defendant and establish a *modus operandi*.  They do not.

- Plaintiff alleges that, in 1983, Defendant assaulted a woman while giving her a ride to retrieve her car from his brother's house.  (FAC ¶17).  This supposed incident allegedly took place *30 years prior* to Plaintiff's allegations.  And in the nearly *40 years* since then, it had never been raised until an article appeared in a rag magazine in 2021 (in which, it should be noted, Plaintiff's current lawyer is directly quoted).[5]  This claim was never substantiated in any way.  Nor does it conform to the supposed *modus operandi* of inviting models to private locations under the guise of auditioning for jobs.

- Plaintiff alleges that, in 1993, "a sexual misconduct case was filed" by three individuals.  (FAC ¶19).  This supposed incident allegedly took place at least *20 years prior* to Plaintiff's allegations.  There is no further elaboration on what this "sexual misconduct" case was about.  There is no mention of the fact that there was no finding of any wrongdoing, and the matter was dismissed voluntarily.  It does not create the *modus operandi* Plaintiff claims.

- Plaintiff alleges that, in 2002, Defendant invited a girl for a test shoot, and groped and placed his mouth on her breast while she was there.  (FAC ¶20).  Plaintiff has never identified this supposed individual.  This manufactured incident is claimed to have occurred over a decade prior to Plaintiff's

---

[4] In support of the following, Defendant incorporates by reference the following documents filed by defendant Guess?, Inc. concurrent with its separate motion to dismiss: (1) declaration of counsel and exhibits thereto, and (2) request for judicial notice.

[5] https://www.thedailybeast.com/i-was-sexually-assaulted-in-1983-by-fashion-mogul-paul-marciano

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

12

allegations.  The conduct alleged does not conform to a *modus operandi* of *forcible rape.*

- Plaintiff alleges that, "[i]n or about 2000-2007," Defendant would invite an individual who was "building her own fashion brand" to Guess's offices.  She alleges Defendant "molested" and would "force himself upon her sexually."  (FAC ¶21).  These references are intentionally vague, presumably in order to create some false similarity to Plaintiff's allegations.  Again, it does not substantiate a *modus operandi* of forced rape.

- Plaintiff alleges that a prior workplace harassment suit was filed against Defendant in 2009, based on allegations that Defendant ran his hands against the body of an employee and attempted to kiss her.  (FAC ¶¶22-25).  The FAC does not mention that the suit resolved without any negative findings as to Defendant.  Furthermore, even assuming the allegations as true, they are substantially and materially different from what Plaintiff is alleging.  A workplace harassment suit is a far cry from a *modus operandi* of luring someone to a private place with the intent to *rape* them.  It had nothing to do with sex trafficking.

- Plaintiff alleges that a "famous GUESS model" was "fraudulently recruited and enticed" to come to a meeting with Defendant in 2010, where Defendant allegedly grabbed her breasts and molested her.  (FAC ¶¶27-28).  The identity of this individual is already known from the original complaint.  And her allegations – which were widely made in the public domain – were not that Defendant fraudulently enticed or recruited her.  Nor were they that he raped her.  She alleged on social media that at a meeting (which occurred in a public place, and with others present) Defendant touched her breasts and kissed her.  Even if true, those allegations do not line up with the conduct alleged by Plaintiff, or the supposed *modus operandi* of inviting models to private

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

13

locations under the guise of auditioning for jobs.  The model's allegations were also never substantiated.

### 3.  Events Alleged to Have Occurred After Plaintiff's Claims

Plaintiff also alleges a number of events that purportedly occurred *after* her alleged single encounter with Defendant. These allegations do not support her *modus operandi* theory, either.

- Plaintiff alleges that between 2012 and 2017, Defendant "sexually assaulted" four individuals "using his and GUESS' sex trafficking scheme." (FAC ¶30). The FAC does not elaborate as to what "sexually assaulted" means, or how it fit within the supposed sex trafficking scheme.  (If comparing to Plaintiff's original complaint, the reason for this brief and vague description is quite obvious.  Plaintiff, who is represented by the same counsel, knows that none of these allegations were found to be true, and some of them were even recanted.)

- Plaintiff lastly alleges two pending lawsuits by other "Jane Does" (both represented by Plaintiff's current lawyers).  (FAC ¶34).  These cases have not resulted in any factual findings.  They are mere allegations, just like this one. One of those cases involves a woman who claims that Defendant motioned her for a kiss on the cheek, and touched her skin while adjusting her outfit during a photoshoot.

Even if these allegations are all assumed true, these alleged subsequent events do not plausibly establish an existing pattern of conduct as of the time of the alleged incident, which is required to impute knowledge or intent.  *See Huett v. Weinstein Co. LLC*, No. 2:18-cv-06012-SVW-MRW, 2018 WL 6314159, at *2 (C.D. Cal. Nov. 5, 2018) ("What the statute means to describe, and does so awkwardly, is a state of mind in which the knower is familiar with a pattern of conduct.") citing *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010).  A prior existing *modus operandi* is required if that theory is to be used to establish knowledge/intent for purposes of the statute.

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

14

*See e.g. Huett v. Weinstein Co. LLC*, No. 2:18-cv-06012-SVW-MRW, 2018 WL 6314159, at *2 (C.D. Cal. Nov. 5, 2018) (complaint satisfied knowledge element when it alleged conduct that the defendant "had done many times before"); *David v. Weinstein Company LLC*, 431 F.Supp.3d 290, 301 (2019) (*modus operandi* sufficient to establish knowledge when Plaintiff alleged "that [Weinstein] had engaged in a pattern of doing the same with other women over decades").

### 4. There is No Plausible Basis to Establish Knowledge or Intent by *Modus Operandi*

It goes without saying that Defendant vigorously denies the truth of *any* of these allegations.  Not a single one of these matters has ever been verified as true.  More importantly for purposes of this motion, though, they also do not serve the purpose Plaintiff desires. They have been added into the FAC to sensationalize the allegations and leave the Court with an "if there is smoke there is fire" impression.  But not a single allegation relating to any incident has ever been corroborated.  Each one has either been defended or resolved for nuisance value.

There must be a plausible basis to establish intent by *modus operandi*.  By alleging a single incident that is dissimilar from other supposed accusations in both conduct and time, Plaintiff has not satisfied that.

Plaintiff wants the Court to impute knowledge and intent to Defendant based on *other* incidents that *she says* happened to *other* people.  This is not a case where Plaintiff is alleging multiple instances of conduct that occurred <u>to her</u>, that create a pattern. *See Nixon in Int. of Moore v. Buck*, No. cv-1904610-CJC-(SHSx), 2019 WL 6620504, at *7 (C.D. Cal. Sept. 11, 2019) (defendant solicited sex from victim and injected him with crystal methamphetamine on multiple occasions creating a pattern showing intent); *Canosa v. Ziff*, No. 18-civ. 4115 (PAE), 2019 WL 498865, at *2-3 (S.D.N.Y. Jan. 28, 2019) (plaintiff alleged many separate instances of rape, abuse, intimidation, and assault that defendant had done to her over the course of years).

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

15

Nor is this a case where there are multiple plaintiffs alleging very similar conduct that separately occurred to each of them.  *See e.g. Geiss v. Weinstein Company Holdings LLC*, 383 F.Supp.3d 156 (2019) (ten plaintiffs alleging a similar and consistent pattern of conduct spanning decades); *Ardolf v. Weber*, 332 F.R.D. 467 (2019) (five plaintiffs alleging a similar and consistent pattern of conduct).

Plaintiff alleges in this case that Defendant tricked her, a woman he had never met before, into meeting with him with the intent to rape her.  She does not allege any other incident that is similar in nature.  Thus, her *modus operandi* theory fails.  And while *modus operandi* may not the only way to establish intent, Plaintiff does not allege any other facts that would otherwise plausibly establish that Defendant enticed Plaintiff to a meeting with the intent to rape her.  She does not allege a frequent or elaborate pattern of promises made to her.  She does not allege the development of her recruitment over some period of time.  She relies wholly on a *modus operandi* theory and other conclusory statements.  Thus, she has failed to plausibly plead this element.

## V.  Conclusion: The First Amended Complaint Should Be Dismissed Without Leave to Amend

Nearly a decade after the incident she claims occurred, Plaintiff has made scurrilous accusations under an untenable legal theory.  Her allegations do not meet the requirements to establish a federal claim.

Plaintiff has had an opportunity to amend her complaint.  The allegations as they stand cannot be further amended without changing the fundamental nature of the facts she is claiming occurred.  She should not be granted another opportunity to amend.  Based on the foregoing, Defendant respectfully requests that the Court dismiss Plaintiff's First Amended Complaint for failure to state a claim, without leave to amend.

/ / /

/ / /

2:21-cv-08382-DMG-SK – Defendant Paul Marciano's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)

16

1   Dated:  March 10, 2022                    **THE KAUFMAN LAW GROUP**

2

3                                            By: /s/ Gary Jay Kaufman

4                                                 Gary Jay Kaufman, Esq.
                                                 Attorneys for Defendant,
5                                                 Paul Marciano

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28